WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Sun State Towers LLC,

    Plaintiff,

v.

County of Coconino,

    Defendant.

No. CV-17-08075-PCT-GMS

**ORDER**

Pending before the Court is Defendant's Motion to Dismiss Count II from Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 14.) The Court denies the motion.[1]

## BACKGROUND

Sun State Towers, LLC ("Sun State") seeks to construct a personal wireless service tower in Coconino County (the "County") for lease to Verizon Wireless ("Verizon").[2] (Doc. 1 at 2.) Sun State leased a site to construct the tower and entered an agreement by which Verizon would install its equipment on it. (*Id*.) Sun State's application for a conditional permit to build the tower was approved by the Coconino County Planning and Zoning Commission (the "Commission") on November 30, 2016.

---

[1] The Defendant has requested oral argument. That request is denied as the parties have adequately discussed the law and evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] The Court takes as true the allegations in Plaintiff's Complaint at this stage of the litigation. *See Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1991).

(Doc. 1 at 3.) However, it was later denied upon an appeal from the Navajo Tribal Utility Authority ("NTUA"). (*Id*.) The NTUA argued that a tower on tribal land is already available for collocation. (*Id*.) The Commission's written denial of Sun State's application stated that collocation is preferable to constructing a new tower, and that the proposed tower would obstruct the view of the San Francisco Peaks. (Doc. 1 at 4.)

Sun State filed this Telecommunications Act ("TCA") Complaint against the County. (Doc. 1.) It contains two separate claims, the first of which is not at issue. (Doc. 1 at 4–6.) The County, however, asserts that Sun State does not have standing to bring Count Two, in which Sun State argues that the County's denial of its tower permit prohibits the provision of personal wireless services in violation of the TCA. (Doc. 14 at 3.) According to the County, Sun State lacks standing to bring such a claim because Sun State does not actually provide wireless services, but only leases towers to wireless service providers. (*Id*.) The County asserts that the TCA affords a legally protected interest only to wireless service providers and not to others. (Doc. 14 at 6–8.) Thus it argues that this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Sun State has not suffered "an invasion of a legally protected interest" under the effective prohibition subdivision of the TCA and therefore lacks the "injury in fact" element of Article III standing. (*Id*.)

**DISCUSSION**

**I.    Legal Standard**

Federal courts are confined to adjudicating actual "cases" and "controversies." U.S. Const. art. III. As a necessary element of this requirement, litigants are required to demonstrate Article III standing for each claim they assert. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982); *Nw. Requirements Utils. v. F.E.R.C.*, 798 F.3d 796, 807 (9th Cir. 2015). In order to meet the "irreducible constitutional minimum of standing," a plaintiff must satisfy three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted).

In addition to establishing constitutional standing, a plaintiff must demonstrate standing to sue under the statute in question. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 (2014); *see also Table Bluff Reservation (Wiyot Tribe) v. Philip Morris, Inc.*, 256 F.3d 879, 886 (9th Cir. 2001) (internal citation omitted) (noting courts need not address statutory standing if a plaintiff does not establish constitutional standing). A plaintiff has statutory standing if its interests are of the type protected by the statute. *See Nw. Requirements Utils.*, 798 F.3d at 807–08 ("[T]he plaintiff is not the subject of the contested regulatory action . . . if the plaintiff's interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit." (quotation marks and internal citation omitted)).

The court must accept all material allegations in the complaint as true and construe the complaint in favor of the complaining party. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000) (internal citation omitted). The party seeking to establish subject matter jurisdiction has the burden of establishing Article III standing to sue. *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (internal citation omitted). The court may allow or require the plaintiff to supply amendments or affidavits to support the plaintiff's factual allegations of Article III standing. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (internal citations omitted).

/ / /

## II. Analysis

Plaintiff satisfies both the statutory and constitutional requirements for bringing a claim under Count Two. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 n.2 (1998) (contrasting statutory standing inquiry with Article III standing inquiry, which "has nothing to do with the text of the statute relied upon"); *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1006 (9th Cir. 2005) ("[T]he question of whether a plaintiff has standing to bring suit, and thus whether the court has jurisdiction to hear the controversy, is separate from the question of whether a plaintiff has a cause of action.").

### A. Sun State has statutory standing to bring an effective prohibition claim under the TCA.

The plain language of the TCA indicates that Sun State has a cause of action under the effective prohibition provision. *See Lexmark Int'l*, 134 S. Ct. at 1387 (using traditional tools of statutory interpretation to determine whether a legislatively conferred cause of action encompassed a plaintiff's claim); *see also Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 878 (9th Cir. 2001) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)) ("It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms."); *see also Logan v. U.S. Bank Nat'l Ass'n.*, 722 F.3d 1163, 1170 (9th Cir. 2013) ("[W]ith any case involving congressional intent, we presume that Congress expressed its intent through the statutory language it chose . . . and then look to legislative history only if the language is unclear . . .").

Section 332 of the TCA explicitly provides a broad right of action to *"any person adversely affected by any final action or failure to act by a state or local government"* that restricts wireless services.

> Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction.

- 4 -

47 U.S.C. § 332(c)(7)(B)(v). Nothing in that language implies that only consumers of personal wireless services—as opposed to those who engage in its provision—have a right to sue under the statute. Nor does the statute distinguish between the providers of wireless services and the providers of infrastructure on which the wireless service providers may rely in providing such services. The statutory reach, thus, in no way is limited to prevent a claim by Sun State.

Other courts have adopted a similarly broad interpretation of statutory standing under the TCA. *See Liberty Towers, LLC v. Zoning Hearing Bd. of Tp. Lower Makefield, Bucks Cty., Pa.*, 748 F. Supp. 2d 437, 442 (E.D. Pa. 2010) (collecting cases). This interpretation is further supported by the legislative history of the TCA. The TCA amended the Communications Act of 1934 to include Section 332 in an effort to limit impediments to the "placement" and "construction" of "personal wireless service facilities" and more rapidly increase the availability of wireless services. *See City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 115 (2005) (citing 110 Stat. 56; 110 Stat. 151). The interests of those, such as Sun State, who seek to construct and lease a personal wireless service facility to wireless service providers thus are among the intended beneficiaries of the TCA.

### B. Sun State has pled factual allegations sufficient to establish Article III "injury in fact."

Sun State has asserted factual allegations sufficient to establish that it will suffer actual and concrete economic injuries by the Commission's denial of the permit. *See Clinton v. City of New York*, 524 U.S. 417, 418 (1998) (noting a "sufficient likelihood of economic injury" establishes injury in fact for Article III standing); *see also Cent. Ariz. Water Conservation Dist. v. U.S. E.P.A.*, 990 F.2d 1531, 1538 (9th Cir. 1993) (noting a plaintiff need not demonstrate the exact extent of an economic injury to allege standing, but only that some amount of harm will arise). Economic injuries arising from a plaintiff's inability to obtain the benefits of an established agreement are sufficient to confer injury in fact. *See Wiyot Tribe*, 256 F.3d at 883 (holding plaintiff did not demonstrate injury in fact when it alleged no facts showing that absent the defendant's

- 5 -

conduct it would have been able to obtain the benefits of the agreement at issue). Economic injuries arising from limitations on plaintiff's access to its professional target market also establish injury in fact. *See Kaahumanu v. Hawaii*, 682 F.3d 789, 798 (9th Cir. 2012) (holding plaintiff demonstrated "injury in fact" when its only options were to either "heed the regulatory prohibition, thereby incurring a direct economic injury through the constriction of its market, or to disobey the regulatory command and suffer legal sanction.").

Unlike in *Wiyot Tribe*, where the plaintiffs were unable to identify how they would be harmed by the defendant's actions, Sun State has already executed an agreement to lease the subject site for the sole purpose of constructing the wireless tower and will be forced to bear the cost of the lease until it expires. (Doc. 15 at 13–18.) In addition, Sun State alleges that the Commission's denial of its application prevents it from receiving the benefits of the letter of intent from Verizon, which states that Verizon will lease and install their wireless equipment on Sun State's site upon approval of pertinent permits. (Doc. 15 at 20.) Further, Sun State maintains that the Commission's denial of its permit wholly prevents Sun State from serving the local target market. *See Kaahumanu*, 682 F.3d at 798 (finding Article III standing when new regulations constricted vendors' ability to serve target markets). Sun State alleges that it, along with Verizon, inspected other sites, including potential collocation at the NTUA, but determined that the property Sun State leased is the only one that would sufficiently address Verizon's wireless coverage gap in a reasonable timeframe on commercially feasible terms. (Doc. 1 at 3, 5.) Thus, if the County does not reconsider Sun State's permit application to build a wireless tower on the property, Sun State maintains it will be completely foreclosed from leasing a wireless tower to Verizon and obtaining the accompanying financial benefits. (*Id*.)

## CONCLUSION

Based on the foregoing, the Court finds that Sun State has pled sufficient factual allegations to support Article III injury in fact, and that its interests are substantially related to and consistent with the plain language and legislative history of Section 332 to

confer statutory standing.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. 14), is **DENIED**.

Dated this 13th day of July, 2017.

_____
Honorable G. Murray Snow
United States District Judge